IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

ROBERT LAMB                                                    PLAINTIFF

v.                            No. 3:14-cv-216-DPM

DONNA WALKER, in her individual and
official capacities as a supervisor at the
Division of Services for the Blind for the
Arkansas Department of Human Services;
CASSONDRA WILLIAMS, in her individual
and official capacities as a supervisor at the
Division of Services for the Blind for the
Arkansas Department of Human Services;
KATY MORRIS, in her individual and official
capacities as a Director of the Division of
Services for the Blind for the Arkansas
Department of Human Services; ARKANSAS
DEPARTMENT OF HUMAN SERVICES; and
DIVISION OF SERVICES FOR THE BLIND          DEFENDANTS

## ORDER

Lamb brings two claims against his former employer and supervisors:

a retaliation claim under the Family Medical Leave Act and a tort claim of

outrage under Arkansas law.  Defendants have moved to dismiss Lamb's

outrage claim based on sovereign immunity, statutory immunity, and a

failure to state a claim upon which relief can be granted. Defendants are right

on all three grounds.

First, sovereign immunity bars suit against the state and the state agencies on this state law claim regardless of the relief sought. *Monroe v. Arkansas State University*, 495 F.3d 591, 594 (8th Cir. 2007); *Cooper v. St. Cloud State University*, 226 F.3d 964, 968 (8th Cir. 2000). Second, Ark. Code Ann. § 19-10-305(a) provides state employees with statutory immunity from civil liability in their personal capacity for non-malicious acts. Lamb's conclusory allegation that the defendants acted willfully is not enough to show malice. *Fegans v. Norris*, 351 Ark. 200, 208, 89 S.W.3d 919, 925 (2002).

Third, although prospective injunctive and declaratory relief are available against state employees in their official capacities, the pleaded facts viewed in a light most favorable to Lamb simply do not support an outrage claim. "The conduct at issue must be 'so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in civilized society.'" *Freeman v. Bechtel Construction Co.*, 87 F.3d 1029, 1031 (8th Cir. 1996) (Arkansas law). Lamb's allegations that defendants scored his performance evaluation low, and failed to consider him for various promotion opportunities, in retaliation to his use of FMLA leave time fall short of egregious conduct. "Merely

-2-

describing conduct as outrageous does not make it so." *Givens v. Hixson*, 275

Ark. 370, 372, 631 S.W.2d 263, 264 (1982).

Defendants' motion, № 9, is therefore granted.  Lamb's outrage claim

is dismissed.  The dismissal is with prejudice as to the Arkansas Department

of Human Services and Division of Services for the Blind.  The dismissal is

without prejudice as to Walker, Williams, and Morris in their official and

individual capacities.  Lamb may move to amend his complaint, with an

attached proposed pleading, in due course if discovery reveals facts that

would support an outrage claim.

So Ordered.

D.P. Marshall Jr.
United State District Judge

27 April 2015

-3-